**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _______ - Civ

H.A.B.,

Plaintiff,

v.

Miami-Dade County School Board,

Defendant(s).
_____________________________________/

# NOTICE OF REMOVAL

Defendant, The School Board of Miami-Dade County, Florida, in the above styled cause, by and through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367,1441, and 1446. The grounds for removal are as follows:

## STATE COURT ACTION

1. This action commenced December 23, 2016, when Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint was served on the School Board on January 27, 2017.
2. The Complaint asserts five Counts, including one claim arising under the Federal Constitution and Federal law and four claims arising under Florida state law:
   a. Count I - Negligent Supervision under Florida state law. (Compl. ¶¶ 39-45)
   b. Count II – Negligence under Florida state law. (Compl. ¶¶ 46-54).
   c. Count III – Negligent Hiring, Training, Supervision and Retention. (Compl. ¶¶ 55-68).

d. Count IV – Violation of 42 U.S.C § 1983 (Compl. ¶¶ 69-76.);

e. Count V – Retaliation. (Compl. ¶¶ 77-82).

**FEDERAL QUESTION JURISDICTION**

3. Federal district courts, "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Federal district courts also, "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367.

6. By asserting claims under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights, Plaintiff's Complaint raises a federal question over which this Court has original jurisdiction. *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). Since the included state-law claims arise out of a common nucleus of operative fact with the Federal claim, this Court has supplemental jurisdiction over of the state-law claims. *See Liebman v. Deutsche Bank Nat. Trust Co.*, 462 F. App'x 876, 878 (11th Cir. 2012). Consequently, this entire action may be removed to federal court.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

7. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the School Board are attached as Composite Exhibit A.

8. This Notice of Removal is timely filed “within 30 days after” the School Board was served with Plaintiff’s Complaint. 28 U.S.C. § 1446(b)(1).

9. Pursuant to 28 U.S.C. § 1446(d), the School Board filed this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Additionally, the School Board has served Plaintiff with this Notice of Removal.

WHEREFORE, the School Board respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2016-32784- CA 01, to this Court.

Dated: February 24, 2017

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida 33132

By: *Sara Marken*
SARA MARKEN, ESQ.
Assistant School Board Attorney
Attorney for Defendant
Florida Bar No. 72134
smarken@dadeschools.net
Telephone: (305) 995-1304
Facsimile: (305) 995-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 24th day of February 2017, to Stephanie Langer, LANGER LAW, P.A. 15715 S. Dixie Highway, Suite 405, Miami, Florida 33157, Via Electronic Mail to Slanger@langerlawpa.com.

*s/ Sara Marken* ______________
Sara Marken, Esq.

**SERVICE LIST**

Harvey Ruvin, Clerk
Circuit Court, Eleventh Judicial Circuit
73 West Flagler Street, Room 138
Miami, Florida 33130

Stephanie Langer
LANGER LAW, P.A.
15715 S. Dixie Highway
Suite 405
Miami, Florida 33157
Slanger@langerlawpa.com

SARA MARKEN, ESQ.
Assistant School Board Attorney
Attorney for Defendant
Florida Bar No. 72134
smarken@dadeschools.net

Filing # 51096753 E-Filed 01/13/2017 10:02:32 AM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 16-32784-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| H.A.B. | Miami Dade County School Board | 1/27/17<br>2:45pm<br>JU 1951 |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): Miami Dade County School Board

1450 NE 2nd Avenue, Miami, Florida 33132

John Iapelice Atty

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Stephanie Langer, Esq.

whose address is: 15715 S. Dixie Highway, Suite 405, Miami, Florida 33157

within 20 days " Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| HARVEY RUVIN<br>CLERK of COURTS | Natasha Medina 308631<br>DEPUTY CLERK | 1/13/2017 |

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 02/16

Clerk's web address: www.miami-dadeclerk.com

**EXHIBIT A**

Filing # 50472037 E-Filed 12/23/2016 12:49:12 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:________________
Judge: __________________

H.A.B.
Plaintiff

vs.

Miami Dade County School Board
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III. REMEDIES SOUGHT (check all that apply):**

- ☒ Monetary;
- ☒ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV. NUMBER OF CAUSES OF ACTION: ( )**
**(Specify)**

5

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Stephanie L Langer FL Bar No.: 149720
Attorney or party (Bar number, if attorney)

Stephanie L Langer 12/23/2016
(Type or print name) Date

Filing # 50472037 E-Filed 12/23/2016 12:49:12 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

H.A.B.,

Plaintiff,

vs.

MIAMI-DADE COUNTY SCHOOL BOARD,

Defendant.

_________________________________/

CASE NO:
DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, H.A.B., by and through the undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, and hereby sues Defendants, MIAMI-DADE COUNTY SCHOOL BOARD and alleges as follows:

## PARTIES

1. The Plaintiff, H.A.B., is a twelve (12) year old disabled boy, who resides in Miami-Dade County, Florida and is a student within the Miami-Dade County Public School system and is otherwise *suri furis*.
2. The Defendant, School BOARD of Miami-Dade County, Florida (herein after "BOARD") is a corporate body and governmental agency duly empowered by the constitution and statutes of the state of Florida to administer, manage, and operate the Miami-Dade County Public Schools. The BOARD receives local, state and federal funding for the education of children with disabilities. The BOARD meets the definition of a public entity under 42 U.S.C. § 12131.

## JURISDICTION AND VENUE

3. This is an action for damages in excess of fifteen thousand dollars $15,000.00, exclusive of interest and costs, and otherwise within the jurisdictional limits of this Court.
4. Venue is proper in Miami-Dade County, Florida, because the incident from which this

cause of action arises occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

5. This action arises out of the gross negligence and other acts of misconduct against H.A.B. which resulted in serious permanent injury to H.A.B.
6. At all times material, Plaintiff was a student of Miami Dade County Public Schools.
7. H.A.B. has been diagnosed with an Autism Spectrum Disorder, an intellectual disability and a sever language impairment. H.A.B. has also been diagnosed with Epilepsy and suffers from frequent seizures, some visible and some silent. H.A.B. has a history of being hospitalized for his seizures. H.A.B. is not verbal. While he can make some sounds, he cannot communicate verbally with adults or peers.
8. H.A.B. is a student with a disability and eligible for exceptional student education services from the BOARD under the eligibility of Autism Spectrum Disability (ASD), Intellectual Disability and language impairment. H.A.B. was placed by the BOARD in a specialized classroom, segregated from his nondisabled peers, for most, if not all the school day. H.A.B. was placed in a specialized classroom for students with autism and intellectual disabilities, referred to as an ASD cluster program. The BOARD provides H.A.B. specialized instruction in communication skills, conforming behaviors skills, daily living skills, language skills, math skills, on task behavior skills, organization skills, reading and writing skills. H.A.B. was not provided with any supplemental aids or services nor any related services.
9. H.A.B. cannot carry on a conversation or communicate as his same age peers can. He cannot communicate with parents about what happens at school.
10. It is the expectation of the parents, that when H.A.B. was placed in such a specialized and small classroom that he would be provided with highly trained teachers and aides to educate, protect and assist H.A.B. throughout his school day. There was purported to be a small teacher to student ratio with an additional classroom aide to assist the teacher.
11. During the 2015-2016 school year, H.A.B. was in a self contained cluster classroom (not being educated with his same aged, non disabled peers) at Gulf Stream Elementary School. H.A.B. was in the fifth grade and was eleven (11) years old.
12. Gulf Stream Elementary School is Miami-Dade County Public School located within Miami-Dade County, Florida.

13. On October 2, 2015, H.A.B. was left alone while on the school campus and as a result suffered a severed and permanent injury to his two front teeth. H.A.B.'s two front teeth were broken almost down to the gums and are almost completely missing.
14. The injury occurred while H.A.B. was on the school campus and while in the care, custody and control of the Board's employees, agents and teachers.
15. The Board's employees, agents and teachers did nothing when the injury was discovered.
16. The Board's employees, agents and teachers did not inform the mother of the injury.
17. The injury was discovered by H.A.B.'s private behavior therapist who happened to be on the school campus the day of the incident.
18. The private behavior therapist contacted H.A.B.'s mother and reported the injury.
19. The Board's employees, agents and teachers first stated that they had no idea how H.A.B. was injured, or when H.A.B. was injured. Then the Board's employees, agents and teacher then blamed H.A.B.'s mother for the injuries.
20. The bus driver and aide on the bus, however confirmed that H.A.B. had no injuries when he was picked up from his home in the morning and that no injuries occurred on the bus. This was confirmed by the therapist who worked with H.A.B. that morning at school, all reported that H.A.B. had no injuries.
21. There is a very clear window of time in which H.A.B. was left alone.
22. Before this time, H.A.B. had no injuries. After this time, H.A.B. had injuries.
23. H.A.B. should never have been left unsupervised for any period of time during the school day.
24. Just the day before the incident, H.A.B.'s individualized education plan (IEP) team met to discuss the needs of H.A.B. At this meeting, on October 1, 2015, H.A.B.'s mother requested that an individual aide be assigned to H.A.B. to ensure he was safe on the school campus. The team declined the mother's request but instead recommended a classroom observation be done first to determine if additional assistance was needed for H.A.B.
25. The very next day, H.A.B. was injured on the school campus. Had an individual aide been assigned to H.A.B., this injury would likely not have occurred. At the very least, the aide would have been able to tell H.A.B.'s mother how he was injured.

26. At no time after this incident did the BOARD place any of the staff involved on probation, provide training about appropriate interventions, discipline, safety, or the like, place the staff under supervision or take any steps to protect the students over whom these staff members had control and authority over disabled students, most of whom are non-verbal. The BOARD also did not provide training to any other employees involved with this incident, including the school administration.

27. The parents attempted to report this incident to both the School Police Department and the Department of Children and Families (DCF) who both declined to take the parents' report.

28. The parents requested a meeting with the school administration as well as with the IEP team to discuss what occurred and put into place a safety plan. Again H.A.B.'s mother requested additional support in the classroom in the form of an individual aide for H.A.B. This request continued to be denied. H.A.B.'s mother also requested a safety plan, which was not immediately put into place and a change in classroom and classroom teachers. Only after many months, the hiring of counsel, and many IEP meetings, did the BOARD finally agreed to make the requested changes in classrooms, classroom teachers, a safety plan and the assignment of an aide. An aide was eventually assigned to the classroom, not to H.A.B. individually.

29. The Board's actions in delaying the requests for a new classroom, new classroom teacher, aide and a safety plan were done in retaliation. In retaliation, BOARD's staff, agents and teachers reported H.A.B.'s parents to the DCF for abuse. The family was investigated for causing injury to H.A.B.'s two front teeth and neglect. The investigation was unfounded and closed, but not before all in the family were subjected to forensic interviews, including H.A.B.'s minor sibling, and not before the home was inspected. Attempts were further made to interview H.A.B.

30. The school administrations' action of reporting the family to DCF was done in retaliation.

31. There are no cameras in the classroom or in the school. Thereby allowing school staff's negligence to go unchecked.

32. The BOARD knew or should have known that H.A.B. should not be left unsupervised while on school campus.

33. The BOARD knew or should have known that H.A.B. required proper supervision in order to protect and maintain his safety while on school campus.

34. The BOARD failed to provide the requisite level of support, training and interventions to ensure H.A.B. would be safe while on the school campus.

35. The gross negligence of the BOARD resulted in great bodily injury which is permanent, as well as emotional injury. After this incident, H.A.B.'s unwanted behaviors increased, his anxiety increased and he did not appear to want to attend school.

36. The BOARD, as the operator and owner of Gulfstream Elementary School, had a duty to operate said school with reasonable care and for the protection and safety of those students who were actively attending said institution on or about the date of the incidents at issue in this case.

37. The Plaintiff has complied with all the conditions precedent to maintaining this action, including statutory notice to the Defendant BOARD pursuant to Florida Statue section 768.28. A copy of which is attached hereto as Exhibit 1.

38. Plaintiff, by and through his parents, has engaged the law firm of Langer Law, P.A. to represent him in this action, who are obligated to pay a reasonable fees for their services and costs related thereto.

**COUNT I**

**NEGLIENT SUPERVISION**

39. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendants had a legal duty to supervise H.A.B. while he was on the school campus.

41. Defendants breached such duty by failing to supervise H.A.B. in a manner that protected him from suffering sever bodily injury to his mouth, lips and teeth and gums.

42. The employees, teachers, administration, aides and other staff, and the Defendant BOARD's agents, employees and/or teachers were negligent in their duty to supervise the Plaintiff.

43. As a direct and proximate cause of the negligent supervision, the Plaintiff suffered serve and permanent injuries.

44. The injuries were entirely preventable.

45. The Defendants were negligent in the manner that H.A.B. was supervised while on the

school campus.

WHEREFORE, the Plaintiff, H.A.B. sues Defendants for damages in excess of $15,000 including pre and post judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.

COUNT II

NEGLIGENCE

46. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.
47. At all times material the BOARD owed a duty to H.A.B. to use reasonable care to ensure H.A.B.'s safety, care, health, and well being by hiring, retaining, assigning, supervising and training its faculty who were employed and/or acted as agents in supervisory roles, such as H.A.B.'s special education teacher.
48. At all times material, the BOARD was in *loco parentis* and was held to a standard of reasonable protection for the minor disabled child Plaintiff who was its student.
49. At all times material, the BOARD owed a duty to H.A.B. to investigate and supervise its teachers, agents and employees, especially those staff members working directly and indirectly with disabled students, particularly those who are most vulnerable, the non-verbal and intellectual disabled students.
50. At all times material, the BOARD had a duty to ensure that the appropriate interventions, accommodations, services, and supports were in place for this disabled student.
51. At all times material, the BOARD had a duty to ensure that the staff working with and having contact with H.A.B. were trained on his disability and his needs and that the appropriate services, interventions and supports were in place to ensure H.A.B.'s safety on school campus.
52. At all times material, the BOARD breached these duties in one or more of the following ways:
    a. Failing to provide a safe environment for H.A.B. where he would be supervised at all times in a safe and secure manner by teachers, agents and/or employees of the BOARD;
    b. Failing to provide policies and procedures to protect its students from gross

neglect such as occurred in this matter;

c. Failing to have policies in place that prohibit teachers from leaving students unsupervised and/or allowing rooms to be free of any surveillance (i.e. video cameras, etc.);

d. Failing to provide reasonable investigation and reporting of teachers and students to prevent and/or detect negligent contact by teachers and other support staff;

e. Failing to provide the appropriate services, supports, interventions and/or training for staff interacting with a disabled student;

f. Retaliation; and

g. Attempting to cover up such acts after they occurred.

53. As a further direct and proximate cause of the negligence of the BOARD, H.A.B. was subjected to gross neglect which caused H.A.B. to suffer permanent disfigurement and great bodily harm, as well as psychological injures and suffering, increased problem behaviors, anxiety, loss of sleep and loss of trust and loss of the capacity for the enjoyment of life.

54. As a further direct and proximate cause of the negligence of the BOARD, H.A.B. has incurred medical and psychological expenses for the treatment of his injuries and will incur such expenses in the future.

WHEREFORE, the Plaintiff H.A.B. sued defendant Miami-Dade County School BOARD for damages in excess of $15,000.00 including pre and post judgment interest to the extend allowed by law, plus costs and interest, and demand a trial by jury for all triable issues.

<u>COUNT III</u>

<u>NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION</u>

55. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

56. At all times material, the BOARD owed a duty to the public and specifically to H.A.B., a disabled minor, to employ qualified and competent teachers and aides to work within its schools, and specifically within its segregated and clustered programs. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts in *loco parentis*.

57. The BOARD has an extra duty to protect students with disabilities and receives local,

state and federal monies to do the same. This duty includes having the appropriate services, supports, interventions, and trained staff in place to meet the unique needs of each disabled student, including H.A.B.

58. At all times material, the BOARD owed a duty to the public and Plaintiff, H.A.B., to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with minor and disabled students of the BOARD.

59. At all times material, the BOARD owed a duty to Plaintiff, H.A.B. to terminate any and all employees, servants and/or agents that it knew or should have known had engaged or sought to engage in neglectful conduct with its minor disabled students.

60. At all times material, the BOARD ownd a duty to Plaintiff, H.A.B. to make an appropriate investigation of its programs to ensure that students with disabilities were receiving the appropriate services, supports, accommodations and interventions to ensure these students' safety on school campuses.

61. At all times material, the BOARD owed a duty to Plaintiff, H.A.B. to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with minor and disabled students, and to ensure that the disabled students' individual needs were being met.

62. At all times material, the BOARD owed a duty to Plaintiff, H.A.B. to terminate any and all employees, servants, and/or agents that it knew or should have known had engaged or sought to engage in neglectful behavior.

63. At all times material, the BOARD owed a duty to the public and Plaintiff, H.A.B. to train its employees, servants, and/or agents to identify when neglectful acts occur, are ongoing or have potential to occur, and report it accordingly.

64. Defendant knew or in the exercise of reasonable care should have known that not properly supervising its staff and/or without the proper supports, interventions, accommodations or services, that disabled students were at grave risk of being neglected and as a result injured.

65. At all times material, the BOARD breached its duty to Plaintiff, H.A.B. in the following ways:

   a. failing to hire competent and qualified employees, servants, agents and/or agents

without proclivities to engage in neglectful acts against its minor disabled students;

b. failing to hire competent and qualified employees, servants, and/or agents with knowledge and training needed to accurately identify neglect of disabled students, especially non verbal students, and act accordingly;

c. failing to train its employees, servants and/or agents of the unique individual needs of H.A.B.;

d. failing to train its employees, servants and/or agents to identify and report when a member of the BOARD staff is attempting to engage in and/or is engaging in neglectful acts against its minor disabled students;

e. failing to supervise school staff in a proper manner to prevent the neglect and injury of its minor disabled student H.A.B.;

f. failing to train its employees, servants and/or agents to report neglectful acts by other employees, servants, and/or agents;

g. failing to terminate or reassign those employees, servants, and/or agents who were aware of those negligent actions but did nothing to stop or report it, or worse yet, support such staff, after the fact, once the neglect came to light;

h. failing to terminate and/or provide remedial measures to ensure the safety of students once the Defendant BOARD, knew or should have known of the neglectful conduct;

i. failing to procure or develop policies and procedures to prohibit neglect by special education teachers;

j. failing to procure or develop policies and procedures to enable employees, servants and/or agents to report neglect in a manner that protects them from retaliation.

66. As a direct and proximate result of the BOARD's negligence, H.A.B. was left unsupervised and this neglect caused serious bodily injury and permanent disfigurement to H.A.B.

67. As a direct and proximate result of the negligence of the BOARD, H.A.B. was neglected causing him to suffer mental pain, anxiety, fear of attending school, increased problem behaviors, and loss of faith, sleep and capacity for the enjoyment of life.

68. As a further direct and proximate cause of the negligence of the BOARD, H.A.B., has incurred past medical and psychological expenses for the treatment of his injuries and will incur such expense in the future.

WHEREFORE, Plaintiff H.A.B., sues defendant BOARD, for damages in excess of $15,000.00 including pre-judgment and post judgment interest to the extent allowed by law, plus costs and interest, and demand a trial by jury for all triable issues.

COUNT IV

42 U.S.C. SECTION 1983

69. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

70. At all times material, the Fourteenth Amendment provides Plaintiff a right as a public school student to personal security and bodily integrity and Equal protection.

71. Defendant, BOARD, was a state actor acting under the color of state law.

72. Defendant, BOARD, subjected H.A.B., to violations of his right to personal security and bodily integrity and Equal Protection by:

a. Failing to adequately investigate misconduct and act accordingly in removing those from positions of authority over its minor, nonverbal, disabled students;

b. Failing to adequately train all staff and administrators to ensure that H.A.B.'s individualized needs were met to ensure his safety from neglect while on the school campus;

c. Failing to adequately supervise employees and/or agents of the BOARD, to ensure that disabled student's individual needs were being met and that those same students were not able to be abused and/or neglected;

d. Manifesting deliberate indifference to the abuse and neglect of H.A.B.; and

e. Manifesting a deliberate indifference to the retaliation that H.A.B. and his parents were subjected to for bringing the abuse and neglect to the attention of the BOARD's employees.

73. Defendant, BOARD, has and/or had unconstitutional customs or policies of:

a. Failing to investigate evidence of tortious misconduct against minor disabled students;

b. Failing to adequately train and supervise BOARD employees with regard to

maintaining, preserving and protecting students with disabilities from violations of their right to personal security, bodily integrity and Equal Protection.

74. Defendant, BOARD's policies and practices constitute disparate treatment of and deliberate indifference towards disabled students.

75. As a direct and proximate result of the BOARD's unconstitutional customs and practices, H.A.B. was exposed to neglect and injury which caused great bodily injury, permanent disfigurement and psychological harm, anxiety, an increase in problem behaviors and trauma.

76. As a further direct and proximate cause of the BOARD's unconstitutional customs and policies, H.A.B. has incurred past medical and psychological expenses for the treatment of his injuries and will incur such expenses in the future.

WHEREFORE, Plaintiff H.A.B. sues defendant BOARD for damages in excess of $15,000.00 including prejudgment and post-judgment interest to extent allowed by law, plus attorneys' fees and costs and interest and demands a trial by jury for all triable issues.

## COUNT V

## RETALATION

77. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

78. The Plaintiff engaged in legally protected activity, when his neglect, through his parents, was reported to the administration of the school.

79. The Defendant, BOARD knew that H.A.B. and his parents have the right to report such illegal acts by its teachers, employees and/or agents and further have the right to advocate for individualized protections as it relates to being a student identified as having a disability.

80. In response, the Defendant BOARD filled an abuse complaint against the parents of H.A.B and unreasonablly denied and delayed valid requests to increase supports and services for H.A.B., including a safety plan and individualized aide.

81. As a direct result of the Defendant's retaliatory actions, the Plaintiff was subjected to a forensic interview, a home inspection and his family was investigated by DCF for abuse. An investigation that was unfounded.

82. The defendant, Board's actions caused harmed to the Plaintiff and his parents.

WHEREFORE, Plaintiff H.A.B. sues defendant BOARD for damages in excess of $15,000.00 including prejudgment and post-judgment interest to extent allowed by law, plus attorneys' fees and costs and interest and demands a trial by jury for all triable issues.

**DEMAND FOR JURY TRIAL**

Plaintiff, H.A.B., hereby demands a trial by jury on all issues so triable.

Dated this 23rd day of December, 2016.

BY: LANGER LAW, P.A.

s/ Stephanie Langer, Esq.
Stephanie Langer, Esq.
Fla Bar no: 149720
15715 S. Dixie Hwy., Suite 405
Miami, Florida 33157
Tel: 305/901-6277 | fax: 305/901-6275
Email Slanger@langerlawpa.com
*Attorneys for Plaintiff*

LANGER LAW, P.A.

216 Catalonia Avenue, Suite 108
Coral Gables, Florida 33134
Telephone (305) 901-6277
Facsimile (305) 901-6275

January 13, 2016

***Via Certified Mail & Return Receipt Requested***

Miami Dade County
Public Schools
Alberto Carvalho
Superintendent of Schools
1450 NE 2nd Avenue
Miami, Florida 33132

RE: Our File No.: #176 Minor Child "H.B."
Student ID # 0195519
Location of Incident: Gulfstream Elementary
Date of Incident: 10/2/2015

**NOTICE OF INTENT PURSUANT TO FLORIDA STATUTE § 768.28**

Dear Sir or Madam:

This firm has been retained by Maria Barbeyto on behalf of her minor child H.B., to represent him in connection with an incident that occurred on October 2, 2015. It is our understanding that said minor child, H.B, as a result of this incident, suffered serious and permanent injuries.

It is Maria Barbeyto's contention that Miami Dade County Public Schools was negligent and is responsible for this claim. Accordingly, this letter serves as notice of Maria Barbeyto's claim against Miami Dade County Public Schools. In the event that Miami Dade County Public School is not the proper party, please immediately disclose the party you claim is the responsible for this particular incident.

H.B., is a minor child and Maria Barbeyto is his mother *sui juris*. H.B.'s date of birth is September 17, 2004 and his Social Security Number is [redacted]. There are no claims involving the claimant and/or adjudicated claims in excess of $200.00 owed by the claimant to the State.

Pursuant to § 768.28 of the Florida Statutes, this letter shall serve to notify you of Maria Barbeyto's claim on behalf of her minor child H.B. and intent to pursue this claim pursuant to the Florida Statutes and Common Law. Furthermore, please be advised that a copy of this letter is being forwarded to the Department of Financial Services as required by § 768.28 of the Florida Statutes.

EXHIBIT
1

If you have knowledge of any other parties that need to receive notice of this letter, please provide us with their name and address so that we can notify them in a timely manner. We request that you make a full and final disposition of this claim within six (6) months of this notice or we will understand your failure to reply as a denial of the claim for purposes of § 768.28.

I look forward to hearing from you and/or your appropriate representative in the immediate future so that we may amicably resolve this matter.

Sincerely,

Stephanie Langer, Esq.
Florida Bar #149720
216 Catalonia Avenue, Suite 108
Coral Gables, Florida 33134
Telephone (305) 901-6277
Facsimile (305) 901-6275

cc: (Via Certified Mail - )
Florida Department of Financial Services
Division of Risk Management
200 East Gaines St.
Tallahassee, FL 32399-0336

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

TALLAHASSEE, FL 32399

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees | |
| ☐ Return Receipt (hardcopy) | $2.80 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $N/A |
| ☐ Adult Signature Restricted Delivery | $N/A |
| Postage | $0.49 |
| Total Postage and Fees | $6.74 |

01/14/2016

Sent To: FL Dept of Financial Services
Street and Apt. No., or PO Box No.: 200 E. Gaines St.
City, State, ZIP+4®: Tallahassee, FL 32399-0336

7015 0640 0001 5873 6199

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
FL Dept of Financial Services
Risk Management
200 E. Gaines St
Tallahassee, FL 32399-0336

9590 9402 1490 5329 0165 69

2. Article Number (Transfer from service label)
7015 0640 0001 5873 6199

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): Received by: Walter McCray DEPT OF FINANCIAL SERVICES
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Miami Dade County Public
Schools Superintendent
1450 NE 2nd Ave
Miami, FL 33132

9590 9402 1490 5329 0164 60

2. Article Number (Transfer from service label)
7015 0640 0001 5873 6137

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): [signature]
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

MIAMI, FL 33132

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees | |
| ☐ Return Receipt (hardcopy) | $2.80 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $N/A |
| ☐ Adult Signature Restricted Delivery | $N/A |
| Postage | $0.49 |
| Total Postage and Fees | $6.74 |

U.S. Postmark Here
01/14/2016

Sent To: Miami Dade County Schools
Street and Apt. No., or PO Box No.: 1450 NE 2nd Ave
City, State, ZIP+4®: Miami, FL 33132

7015 0640 0001 5873 6137